UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANUEL BARRERA, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                    Plaintiff,

-against-

PEPE ROSSO 24 INC. d/b/a PEPE ROSSO, and
ROSSO UPTOWN, LTD. d/b/a ROSSO UPTOWN
PIZZERIA & RESTAURANT and/or BRICK
OSTERIA, and MICHAEL TIZZANO, an individual,
and MASSIMO GAMMELLA, an individual,

                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 18-cv-4558

Jury Trial Demanded

MANUEL BARRERA, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" as defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PEPE ROSSO 24 INC. d/b/a PEPE ROSSO 24 (hereinafter as "Pepe Rosso"), and ROSSO UPTOWN, LTD., d/b/a/ ROSSO UPTOWN PIZZERIA & RESTAURANT and/or BRICK OSTERIA (hereinafter as "Rosso Uptown"), and MICHAEL TIZZANO, an individual, and MASSIMO GAMMELLA, an individual, (all four, together, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.    This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York

Labor Law ("NYLL"), NYLL § 160 and Hospitality Industry Wage Order ("Wage Order"), codified as N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the spread of hours provisions of the Wage Order, NYLL § 652 and 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers timely pay wages to employees in accordance with the agreed terms of employment, NYLL § 191(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. As described below, Plaintiff worked for Defendants - - two corporations that operate as a single enterprise to run two Long Island restaurants and their joint owners - - from approximately August 2014 until December 16, 2017, as a cook. Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but paid him a flat weekly wage that operated to cover only the first forty hours that he worked per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half his straight-time rate of pay, for any hours that he worked per week in excess of forty.

3. Additionally, in violation of New York law, Defendants failed to: pay Plaintiff a spread of hours premium when his shift exceeded ten hours from beginning to end; provide Plaintiff with accurate wage statements on each payday; or provide Plaintiff with any wage notice at hire.

4. Defendants paid and treated all of their non-tipped, non-managerial employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims detailed in paragraphs 2 and 3 above under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Additionally, Defendants failed and have continued to fail to compensate Plaintiff with any wages for his hours worked during the final week of his employment, and thus failed to timely pay Plaintiff his wages earned. Accordingly, on behalf of himself only, Plaintiff brings claims for violations of NYLL § 191(3).

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCRR.

10. At all relevant times herein, Defendant Pepe Rosso was and is a New York corporation with its principal place of business located at 24 Manorhaven Boulevard, Port Washington, New York 11050.

11. At all relevant times herein, Defendant Rosso Uptown was and is a New York corporation with its principal place of business located at 52 Main Street, Port Washington, New York 11050.

12. At all relevant times herein, Defendant Tizzano was and is a joint owner and the general manager of Defendants Pepe Rosso and Rosso Uptown and was Plaintiff's direct supervisor throughout his employment with Defendants. In that role, Tizzano was responsible for overseeing the day-to-day operations of both Pepe Rosso and Rosso Uptown, and managing the restaurants' employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring and firing of employees.

13. At all relevant times herein, Defendant Gammella was and is a joint owner and the chief operating officer of Defendants Pepe Rosso and Rosso Uptown. In that role, Gammella was responsible for overseeing the day-to-day operations of both Pepe Rosso and Rosso Uptown, and managing the restaurants' employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring and firing of employees.

14. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Pepe Rosso's and Rosso Uptown's qualifying annual business exceeded and exceeds $500,000, and Pepe Rosso and Rosso Uptown were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more

employees, order and sell ingredients and food products, purchase uniforms for their employees, and buy other supplies, such as pots, pans, utensils, and paper goods, from vendors located in states other than New York, and also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Pepe Rosso and Rosso Uptown to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-tipped, non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and/or (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully choose and choose not to do so.

18. Thus, all FLSA Plaintiffs are victims to Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## BACKGROUND FACTS

19. Pepe Rosso is a popular and busy restaurant and pizzeria located at 24 Manorhaven Boulevard, Port Washington, New York 11050.

20. Rosso Uptown is also a popular and busy restaurant and pizzeria located at 52 Main Street, Port Washington, New York 11050.

21. Tizzano and Gammella own, operate and/or manage Pepe Rosso and Rosso Uptown jointly and they are, collectively between them as detailed above, ultimately responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked, determining employees' work locations, and distributing work duties. Indeed, Tizzano and Gammella personally and jointly hired Plaintiff to work for Defendants, as well as personally and jointly transferred Plaintiff from Pepe Rosso to Rosso Uptown.

22. Furthermore, Pepe Rosso and Rosso Uptown have an interrelation of operations as they: share employees with one another; concurrently control labor relations between employees and management; are commonly managed by the same personnel, namely Defendants Tizzano and Gammella; and are commonly owned and controlled financially.

23. In or around August 2014, Plaintiff commenced his employment with Defendants as a cook at Pepe Rosso. In this capacity, as its name suggests, Plaintiff was responsible for preparing and cooking food, as well as cleaning his work area as needed.

24. Approximately three months later, in or around November 2014, Tizzano and Gammella transferred Plaintiff to work at Rosso Uptown, where Plaintiff continued to work as a cook until on or about December 16, 2017.

25. Throughout his employment at either restaurant, Defendants required Plaintiff to work six days per week, from 10:30 a.m. until 10:00 p.m. Tuesdays through Thursdays, from 10:30 a.m. until 11:00 p.m. on Fridays and Saturdays, and from 11:00 a.m. until 10:00 p.m. on Sundays, with a thirty-minute break each day, for a total of sixty-seven and one-half hours per week.

26. For his hours worked, Defendants paid Plaintiff a flat rate per week of $740.00, which was meant to cover on the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $18.50 per hour.

27. Throughout his employment, Defendants failed to compensate Plaintiff at any rate of pay, let alone at the rate of time and one-half his regular rate of pay of $27.75 for any hours that Plaintiff worked in a week in excess of forty.

28. By way of example only, during the week of May 21 through May 27, 2016, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

Saturday, May 21, 2016: 10:30 a.m. until 11:00 p.m.;

Sunday, May 22, 2016: 11:00 a.m. until 10:00 p.m.;

Monday, May 23, 2016: Off;

Tuesday, May 24, 2016: 10:30 a.m. until 10:00 p.m.;

Wednesday, May 25, 2016: 10:30 a.m. until 10:00 p.m.;

Thursday, May 26, 2016: 10:30 a.m. until 10:00 p.m.;

Friday, May 27, 2016: 10:30 a.m. until 11:00 p.m.

Thus, Plaintiff worked sixty-seven and one-half hours during this week. In exchange for his work during this week, Defendants paid Plaintiff a flat salary of $740 which amounts to $18.50 per hour for his first forty hours of work only. Defendants did not pay Plaintiff at any rate for the twenty-seven and one-half hours that Plaintiff worked during this week in excess of forty.

29. Defendants also failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when his spread of hours exceeded ten during a given day, including for all six days of work listed in the paragraph above.

30. During his employment with Defendants, Defendants paid Plaintiff weekly by a combination of check and cash.

31. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked that week or his straight and overtime rates of pay for every hour worked.

32. Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one accurately containing all of the information that Section 195(1) of the NYLL requires, such as Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift), as designated by the employer, and the name and telephone number of the employer.

33. Moreover, through the date of filing this Complaint, Defendants failed and have continued to fail to compensate Plaintiff for any of his hours worked for the week of December 9, 2017, at any rate of pay, during which Plaintiff worked sixty-seven and one-half hours pursuant to the same weekly scheduled detailed above.

34. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described above.

35. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

36. Each hour that Plaintiff worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

37. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

40. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

41. Defendants willfully violated the FLSA.

42. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

43. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and NYCRR*

44. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

47. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

48. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

50. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

53. As described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours worked exceeded ten.

54. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to recover an hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

55. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

56. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

59. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

60. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

61. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

62. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

64. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

65. As also described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone one accurately containing the criteria enumerated under the NYLL.

66. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

67. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of the NYLL with Respect to Plaintiff only*

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 191(3) requires that employers pay a terminated employee all wages earned not later than the regular payday for the pay period during which the termination occurred.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL

71. As also described above, Defendants failed to timely compensate Plaintiff for each hour that he worked by the regular payday for the pay period during which the termination of his employment occurred.

72. Plaintiff is entitled to recover his unpaid wages for all hours worked.

73. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's provisions requiring timely payment of all earned wages upon an employee's termination.

### DEMAND FOR A JURY TRIAL

74. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs and expenses, and an award of a service payment to Plaintiff;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
August 13, 2018

Respectfully summited,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
THOMAS R. PRICE (TP5125)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)