UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MANUEL BARRERA and MELVIN ALMENDARES,
on behalf of themselves, individually, and on behalf of
all others similarly-situated,

                          Plaintiffs,

                -against-

PEPE ROSSO 24 INC. d/b/a PEPE ROSSO, and
ROSSO UPTOWN, LTD. d/b/a ROSSO UPTOWN
PIZZERIA & RESTAURANT and/or BRICK
OSTERIA, and MICHAEL TIZZANO, an individual,
and MASSIMO GAMMELLA, an individual,

                          Defendants.
-----------------------------------------------------------------X

**AMENDED COMPLAINT**

**Docket No.:** 18-cv-4558
(JMA) (GRB)

Jury Trial Demanded

MANUEL BARRERA, ("Barrera") and MELVIN ALMENDARES ("Almendares") (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" as defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Amended Complaint against PEPE ROSSO 24 INC. d/b/a PEPE ROSSO 24 (hereinafter as "Pepe Rosso"), and ROSSO UPTOWN, LTD., d/b/a/ ROSSO UPTOWN PIZZERIA & RESTAURANT and/or BRICK OSTERIA (hereinafter as "Rosso Uptown"), and MICHAEL TIZZANO, an individual, and MASSIMO GAMMELLA, an individual, (all four, together, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and Hospitality Industry Wage Order ("Wage Order"), codified as N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the spread of hours provisions of the Wage Order, NYLL § 652 and 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers timely pay wages to employees in accordance with the agreed terms of employment, NYLL § 191(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. As described below, Plaintiff Barrera worked for Defendants - - two corporations that operate as a single enterprise to run two Long Island restaurants and their joint owners - - from approximately August 2014 until December 16, 2017, as a cook. Plaintiff Almendares worked for Defendants from in or about June 2011 until in or about January 2018 as a cook and a dishwasher. Throughout Plaintiffs' respective periods of employment, but as is relevant herein, for at least the six-year period pre-dating this action's commencement ("the relevant period"), Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL. Specifically, throughout the relevant period, Defendants routinely required Plaintiffs to work beyond forty hours in a workweek, but paid them a flat weekly wage that operated by law to cover only the first forty hours that they worked per week, and thus failed to compensate Plaintiffs at

any rate of pay, let alone at the statutorily-required overtime rate of time and one-half their straight-time rates of pay, for any hours that they worked in a week in excess of forty.

3. Additionally throughout the relevant period, in violation of New York law, Defendants failed to: pay Plaintiffs a spread of hours premium when their shifts exceeded ten hours from beginning to end; provide Plaintiffs with accurate wage statements on each payday; and provide Plaintiff Barrera with a wage notice at the time of his hire.

4. Defendants paid and treated all of their non-tipped, non-managerial employees in the same manner.

5. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiffs bring their claims detailed in paragraphs 2 and 3 above under the NYLL and the NYCRR on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Additionally, Defendants failed and have continued to fail to compensate Plaintiff Barrera with any wages for his hours worked during the final week of his employment, and thus failed to timely pay Plaintiff Barrera his wages earned. Accordingly, on behalf of himself only, Plaintiff Barrera brings claims for violations of NYLL § 191(3).

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

9.      From in or around August 2014 through December 16, 2017, Plaintiff Barrera worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     From at least the beginning of the relevant period through in or around January 2018, Plaintiff Almendares worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     For at least the relevant period, Defendant Pepe Rosso was and is a New York corporation with its principal place of business located at 24 Manorhaven Boulevard, Port Washington, New York 11050.

12.     For at least the relevant period, Defendant Rosso Uptown was and is a New York corporation with its principal place of business located at 52 Main Street, Port Washington, New York 11050.

13.     For at least the relevant period, Defendant Tizzano was and is a joint owner and the general manager of Defendants Pepe Rosso and Rosso Uptown and was Plaintiffs' direct supervisor throughout their employment with Defendants. In that role, Tizzano was responsible for overseeing the day-to-day operations of both Pepe Rosso and Rosso Uptown, and managing the restaurants' employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring and firing of employees.

14. For at least the relevant period, Defendant Gammella was and is a joint owner and the chief operating officer of Defendants Pepe Rosso and Rosso Uptown. In that role, Gammella was responsible for overseeing the day-to-day operations of both Pepe Rosso and Rosso Uptown, and managing the restaurants' employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring and firing of employees.

15. For at least the relevant period, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Pepe Rosso's and Rosso Uptown's qualifying annual business exceeded and exceeds $500,000, and Pepe Rosso and Rosso Uptown were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, order and sell ingredients and food products, purchase uniforms for their employees, and buy other supplies, such as pots, pans, utensils, and paper goods, from vendors located in states other than New York, and also accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Pepe Rosso and Rosso Uptown to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-tipped, non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and/or (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. For at least the relevant period, Defendants are and have been aware of the requirements to pay Plaintiffs and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

19. Thus, all FLSA Plaintiffs are victims to Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## BACKGROUND FACTS

20. Pepe Rosso is a popular and busy restaurant and pizzeria located at 24 Manorhaven Boulevard, Port Washington, New York 11050.

21. Rosso Uptown is also a popular and busy restaurant and pizzeria located at 52 Main Street, Port Washington, New York 11050.

22. Tizzano and Gammella own, operate and/or manage Pepe Rosso and Rosso Uptown jointly and they are, collectively between them as detailed above, ultimately responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked, determining employees' work locations, and distributing work duties. Indeed, Tizzano and Gammella personally and jointly hired Plaintiffs

to work for Defendants, as well as personally and jointly assigned Plaintiffs to work at either Pepe Rosso or Rosso Uptown at different periods of time.

23. Furthermore, Pepe Rosso and Rosso Uptown have an interrelation of operations as they: share employees with one another; concurrently control labor relations between employees and management; are commonly managed by the same personnel, namely Defendants Tizzano and Gammella; and are commonly owned and controlled financially.

***a.  Plaintiff Barrera's Wage Claims***

24. In or around August 2014, Plaintiff Barrera commenced his employment with Defendants as a cook at Pepe Rosso. In this capacity, as its name suggests, Plaintiff Barrera was responsible for preparing and cooking food, as well as cleaning his work area as needed.

25. Approximately three months later, in or around November 2014, Tizzano and Gammella transferred Barrera to work at Rosso Uptown, where he continued to work as a cook until on or about December 16, 2017.

26. Throughout his employment at either restaurant, Defendants required Plaintiff Barrera to work six days per week, from 10:30 a.m. until 10:00 p.m. Tuesdays through Thursdays, from 10:30 a.m. until 11:00 p.m. on Fridays and Saturdays, and from 11:00 a.m. until 10:00 p.m. on Sundays, with a thirty-minute break each day, for a total of sixty-seven and one-half hours per week.

27. For his hours worked, Defendants paid Plaintiff Barrera a flat rate per week of $740.00, which was meant to cover only the first forty hours that Plaintiff Barrera worked each week, and which yields a regular hourly rate of $18.50 per hour.

28. Throughout his employment, Defendants failed to compensate Plaintiff Barrera at any rate of pay, let alone at the rate of time and one-half his regular rate of pay of $27.75, for any hours that Plaintiff Barrera worked in a week in excess of forty.

29. By way of example only, during the week of May 21 through May 27, 2016, Defendants required Plaintiff Barrera to work, and Plaintiff Barrera did work, the following schedule:

Saturday, May 21, 2016: 10:30 a.m. until 11:00 p.m.;

Sunday, May 22, 2016: 11:00 a.m. until 10:00 p.m.;

Monday, May 23, 2016: Off;

Tuesday, May 24, 2016: 10:30 a.m. until 10:00 p.m.;

Wednesday, May 25, 2016: 10:30 a.m. until 10:00 p.m.;

Thursday, May 26, 2016: 10:30 a.m. until 10:00 p.m.;

Friday, May 27, 2016: 10:30 a.m. until 11:00 p.m.

Thus, Plaintiff Barrera worked sixty-seven and one-half hours during this week. In exchange for his work during this week, Defendants paid Barrera a flat salary of $740, which amounts to $18.50 per hour for his first forty hours of work only. Defendants did not pay Plaintiff Barrera at any rate for the twenty-seven and one-half hours that he worked during this week in excess of forty.

30. Defendants also failed to pay Plaintiff Barrera spread-of-hours compensation of one hour's pay at the minimum wage rate for those days when his spread of hours exceeded ten during a given day, including for all six days of work listed in the paragraph above.

31. During his employment with Defendants, Defendants paid Plaintiff Barrera weekly by a combination of check and cash.

32. On each occasion when they paid Plaintiff Barrera, Defendants failed to provide him with a wage statement that accurately listed, *inter alia*, his total hours worked that week or his straight and overtime rates of pay for every hour worked.

33. Additionally, upon hire, Defendants failed to provide Plaintiff Barrera with any wage notice, let alone one accurately containing all of the information that Section 195(1) of the NYLL requires, such as Barrera's rates of pay and the basis thereof (e.g. hourly, daily, per shift) as designated by the employer, and the name and telephone number of the employer.

34. Moreover, through the date of filing this Complaint, Defendants failed and have continued to fail to compensate Plaintiff Barrera for any of his hours worked for the week of December 9, 2017, at any rate of pay, during which Plaintiff Barrera worked sixty-seven and one-half hours pursuant to the same weekly scheduled detailed above.

b. *Plaintiff Almendares's Wage Claims*

35. In or around June 2011, Plaintiff Almendares commenced his employment with Defendants as a cook and dishwasher at Pepe Rosso. In this capacity, as its name suggests, Almendares was responsible for preparing and cooking food, as well as cleaning his work area and the restaurant's dishes.

36. From at least the beginning of the relevant period through May 2014, Defendants required Almendares to work, and he did work, at Pepe Rosso six days per week, from 10:00 a.m. until 10:00 p.m. Tuesday through Thursday, 10:00 a.m. until 11:00 p.m. on each Friday and Saturday, and 11:00 a.m. to 10:00 p.m. on Sunday. During this time, Almendares did not receive an uninterrupted break during his shifts. Therefore, during this period, Almendares worked at least seventy-three hours per week.

37. In June 2014, Defendants Tizzano and Gammella transferred Plaintiff Almendares to work at Rosso Uptown for approximately two weeks when the location initially opened, and for that brief time Defendants required him to work, and he did work, seven days per week, from 10:00 a.m. until 10:00 p.m. Monday through Thursday, 10:00 a.m. to 11:00 p.m. Friday and Saturday, and 11:00 a.m. to 1:00 a.m. on Sunday. During this time, Almendares did not receive an uninterrupted break during his shifts. Therefore, during this period, Almendares worked at least eighty-eight hours per week.

38. From in or about the end of June 2014 until in or about January 2018, Defendants required Almendares to work at Pepe Rosso one day per week, from 10:00 a.m. until 10:00 p.m. on Tuesday, and at Rosso Uptown five days per week, from 10:00 a.m. until 10:00 p.m. on each Wednesday and Thursday, 10:00 a.m. to 11:00 p.m. on Friday and Saturday, and 11:00 a.m. to 10:00 p.m. on Sunday. During this time, Almendares did not receive an uninterrupted break during his shifts. Thus, Almendares worked at least seventy-three hours per week during this period.

39. From at least the beginning of the relevant period through May 2013, Defendants paid Almendares at a flat salary of $400.00 per week, which was meant to cover only the first forty hours that he worked each week, and which yields a regular hourly rate of $10.00 per hour.

40. From in or about June 2013 until January 2018, Defendants paid Almendares a flat salary of $470.00 per week, which was meant to cover only the first forty hours that he worked each week, and which yields a regular hourly rate of $11.75 per hour.

41. During at least the relevant period, Defendants failed to compensate Plaintiff Almendares at any rate of pay, let alone at the rate of time and one-half his regular rate of pay for any hours that he worked in a week in excess of forty.

42. By way of example only, during the week of December 16 through December 22, 2017, Defendants required Plaintiff Almendares to work, and Plaintiff Almendares did work, the following schedule:

> Saturday, December 16, 2017: 10:00 a.m. until 11:00 p.m.;
>
> Sunday, December 17, 2017: 11:00 a.m. until 10:00 p.m.;
>
> Monday, December 18, 2017: Off;
>
> Tuesday, December 19, 2017: 10:00 a.m. until 10:00 p.m.;
>
> Wednesday, December 20, 2017: 10:00 a.m. until 10:00 p.m.;
>
> Thursday, December 21, 2017: 10:00 a.m. until 10:00 p.m.
>
> Friday, December 22, 2017: 10:00 a.m. until 11:00 p.m.

Thus, Plaintiff Almendares worked seventy-three hours during this week. In exchange for his work during this week, Defendants paid Plaintiff Almendares a salary of $470, which amounts to $11.75 per hour for his first forty hours of work only. Defendants did not pay Plaintiff Almendares at any rate for the thirty-three hours that Almendares worked during this week in excess of forty.

43. Defendants also failed to pay Plaintiff Almendares spread-of-hours compensation of one hour's pay at the minimum wage rate for those days when his spread of hours exceeded ten during a given day, including for all six days of work listed in the paragraph above.

44. During at least the relevant period, Defendants paid Plaintiff Almendares weekly in cash.

45. On each occasion when they paid Almendares, Defendants failed to provide him with a wage statement that accurately listed, *inter alia*, his total hours worked that week or his straight and overtime rates of pay for every hour worked.

46. Defendants treated Plaintiffs and FLSA Plaintiffs in the manner described above.

11

47. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

48. Each hour that Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

49. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiffs FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and NYCRR*

56. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

59. As also described above, Plaintiffs and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60. Plaintiffs and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61. Plaintiffs and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

62. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

64. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

65. As described above, Defendants failed to provide Plaintiffs and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours worked exceeded ten.

66. Plaintiffs and any FLSA Plaintiff who opts-into this action, are entitled to recover an hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

67. Plaintiffs and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

68. Plaintiffs and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

71. As also described above, Defendants, on each payday, failed to furnish Plaintiffs and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

72. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

74. Plaintiff Barrera and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

76. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff Barrera and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

77. As also described above, Defendants failed to provide Plaintiff Barrera and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone one accurately containing the criteria enumerated under the NYLL.

78. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff Barrera and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

79. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff Barrera and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of the NYLL*

80. Plaintiff Barrera repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81. NYLL § 191(3) requires that employers pay a terminated employee all wages earned not later than the regular payday for the pay period during which the termination occurred.

82. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff Barrera is an employee within the meaning of the NYLL

83. As also described above, Defendants failed to timely compensate Plaintiff Barrera for each hour that he worked by the regular payday for the pay period during which the termination of his employment occurred.

84. Plaintiff Barrera is entitled to recover his unpaid wages for all hours worked.

85. Plaintiff Barrera is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's provisions requiring timely payment of all earned wages upon an employee's termination.

**DEMAND FOR A JURY TRIAL**

86. Pursuant to FRCP 38(b), Plaintiffs and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs and/or FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiffs and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Awarding Plaintiffs and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs and expenses, and an award of a service payment to Plaintiffs;

h. Designation of Plaintiffs and their counsel as collective action representatives under the FLSA;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiffs and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
July 8, 2019

          Respectfully summited,

          BORRELLI & ASSOCIATES, P.L.L.C.
          *Attorneys for Plaintiffs*
          910 Franklin Avenue, Suite 200
          Garden City, New York 11530
          Tel. (516) 248-5550
          Fax. (516) 248-6027

By: _____
      MATTHEW J. FARNWORTH (MF 0304)
      ALEXANDER T. COLEMAN (AC 8151)
      MICHAEL J. BORRELLI (MB 8533)