UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MANUEL BARRERA and MELVIN ALMENDARES,
On behalf of themselves, individually, and on behalf
of all other similarly-situated,

                          Plaintiff,                           **ANSWER**

          -against-

                                                    Civil Action No. 18-cv-04558 (JMA) (GRB)

PEPE ROSSO 24 INC. d/b/a PEPE ROSSO, and
ROSSO UPTOWN, LTD. d/b/a ROSSO UPTOWN
PIZZERIA & RESTAURANT and/or BRICK
OSTERIA, and MICHAEL TIZZANO, an individual,
and MASSIMO GAMMELLA, an individual,

                          Defendants.
------------------------------------------------------------------X

Defendants, PEPE ROSSO 24 INC. d/b/a PEPE ROSSO, and ROSSO UPTOWN, LTD. d/b/a ROSSO UPTOWN PIZZERIA & RESTAURANT and/or BRICK OSTERIA, and MICHAEL TIZZANO, an individual, and MASSIMO GAMMELLA, an individual, hereby answer Plaintiff's Amended Complaint as follows:

### DEFENDANTS' ORIGINAL ANSWER

Pursuant to Federal Rules of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Amended Complaint as follows:

### I.
### NATURE OF THE CASE

Paragraph 1

The allegations of Paragraph 1 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

Paragraph 2

Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.

Paragraph 3

1

Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

Paragraph 4

Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint.

Paragraph 5

The allegations of Paragraph 5 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

Paragraph 6

Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

## II.
## JURISDICTION AND VENUE

Paragraph 7

The allegations of Paragraph 7 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

Paragraph 8

The allegations of Paragraph 8 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

## III.
## PARTIES

Paragraph 9

Defendants admit only to the extent that Plaintiff acknowledges having employed Plaintiff, Barrera, otherwise the allegations contained in Paragraph 9 of the Amended Complaint are denied.

Paragraph 10

Defendants admit only to the extent that Plaintiff acknowledges having employed Plaintiff, Almendares, otherwise the allegations contained in Paragraph 10 of the Amended Complaint are denied.

<u>Paragraph 11</u>

Defendants admit the allegations contained in Paragraph 11 of the Amended Complaint.

<u>Paragraph 12</u>

Defendants admit the allegations contained in Paragraph 12 of the Amended Complaint to the extent that Defendant, Rosso Uptown, was doing business at that location, however, it has closed its operation since.

<u>Paragraph 13</u>

Defendants admit only so much of Paragraph 13 of the Amended Complaint that alleges that Tizzano was a joint owner and manager of Rosso Uptown for the relevant period. Otherwise, the remaining allegations in Paragraph 13 of the Amended Complaint are denied.

<u>Paragraph 14</u>

Defendants admit only so much of Paragraph 14 of the Amended Complaint that alleges that Gammella was a joint owner of Pepe Rosso for the relevant period. Otherwise, the remaining allegations in Paragraph 14 of the Amended Complaint are denied.

<u>Paragraph 15</u>

Defendants deny knowledge to be able to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

## IV.
## COLLECTIVE ACTION ALLEGATIONS

<u>Paragraph 16</u>

The allegations of Paragraph 16 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

<u>Paragraph 17</u>

Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

Paragraph 18

Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

Paragraph 19

Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

## V.
## BACKGROUND FACTS

Paragraph 20

Defendants admit the allegations contained in Paragraph 20 of the Amended Complaint, except deny as to the designation of the business as "popular" and "busy".

Paragraph 21

Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

Paragraph 22

Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint, only to the extent that Defendant, Gammella, manages Pepe Rosso and that Defendant, Tizzano, managed Rosso Uptown, which is now permanently closed for business; the remaining allegations are denied.

Paragraph 23

Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

Paragraph 24

Defendants admit the allegations contained in Paragraph 24 of the Amended Complaint.

Paragraph 25

Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

Paragraph 26

Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

Paragraph 27

Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

Paragraph 28

Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

Paragraph 29

Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

Paragraph 30

Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

Paragraph 31

Defendants admit the allegations contained in Paragraph 31 of the Amended Complaint.

Paragraph 32

Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

Paragraph 33

Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

Paragraph 34

Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

Paragraph 35

Defendants admit the allegations contained in Paragraph 35 of the Amended Complaint.

Paragraph 36

Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

Paragraph 37

Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

Paragraph 38

Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

Paragraph 39

Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

Paragraph 40

Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

<u>Paragraph 41</u>

Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

<u>Paragraph 42</u>

Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

<u>Paragraph 43</u>

Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

<u>Paragraph 44</u>

Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

<u>Paragraph 45</u>

Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

<u>Paragraph 46</u>

Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

<u>Paragraph 47</u>

Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

<u>Paragraph 48</u>

Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

**VI.**
**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**

<u>Paragraph 49</u>

Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

<u>Paragraph 50</u>

The allegations of Paragraph 50 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

<u>Paragraph 51</u>

The allegations of Paragraph 51 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

### Paragraph 52

Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

### Paragraph 53

Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

### Paragraph 54

Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

### Paragraph 55

Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

## VII.
## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

### Paragraph 56

Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

### Paragraph 57

The allegations of Paragraph 57 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

### Paragraph 58

The allegations of Paragraph 58 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

### Paragraph 59

Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

<u>Paragraph 60</u>

Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

<u>Paragraph 61</u>

Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

## VIII.
## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

<u>Paragraph 62</u>

Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

<u>Paragraph 63</u>

The allegations of Paragraph 63 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

<u>Paragraph 64</u>

The allegations of Paragraph 64 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

<u>Paragraph 65</u>

Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

<u>Paragraph 66</u>

Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

<u>Paragraph 67</u>

Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

## IX.
## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS

<u>Paragraph 68</u>

Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

Paragraph 69

The allegations of Paragraph 69 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

Paragraph 70

Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

Paragraph 71

Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

Paragraph 72

Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

Paragraph 73

Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

**X.**
**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

Paragraph 74

Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

Paragraph 75

The allegations of Paragraph 75 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

Paragraph 76

Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

Paragraph 77

Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

Paragraph 78

Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

Paragraph 79

Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

**XI.**
**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

Paragraph 80

Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

Paragraph 81

The allegations of Paragraph 81 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

Paragraph 82

Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

Paragraph 83

Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

Paragraph 84

Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

Paragraph 85

Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

**XII.**
**DEMAND FOR A JURY TRIAL**

Paragraph 86

The allegations of Paragraph 16 of the Amended Complaint are statements of either law or fact for which an answer is not necessary, but to the extent that such allegations require an answer, they are denied.

## XIII.
## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period, contractual limitations period, and/or jurisdictional prerequisites.

### Third Affirmative Defense

3. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

### Fourth Affirmative Defense

4. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

### Fifth Affirmative Defense

5. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

### Sixth Affirmative Defense

6. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### Seventh Affirmative Defense

7. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### Eighth Affirmative Defense

8. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the New York and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional

safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of New York.

### Ninth Affirmative Defense

9. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### Tenth Affirmative Defense

10. Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

### Eleventh Affirmative Defense

11. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Twelfth Affirmative Defense

12. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than set forth by the overtime provisions of the FLSA.

### Thirteenth Affirmative Defense

13. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

### Fourteenth Affirmative Defense

14. The Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

### Fifteenth Affirmative Defense

15. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

### Sixteenth Affirmative Defense

16. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

**Seventeenth Affirmative Defense**

17. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions.

**Eighteenth Affirmative Defense**

18. Plaintiffs have failed to mitigate their alleged damages.

**Nineteenth Affirmative Defense**

19. Plaintiff's claims are barred by the doctrines of waiver, estoppels, laches and/or unclean hands.

**Twentieth Affirmative Defense**

20. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

**Twenty-First Affirmative Defense**

21. Plaintiff has failed to exhaust administrative remedies.

**Twenty-Second Affirmative Defense**

22. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

**Twenty-Third Affirmative Defense**

23. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

**Twenty-Fourth Affirmative Defense**

24. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

**Twenty-Fifth Affirmative Defense**

25. Defendant reserves the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs or persons Plaintiffs purport to represent or otherwise through discovery.

**Twenty-Sixth Affirmative Defense**

26. Defendants hereby assert all other and further defenses afforded to them under the proper provisions of the FLSA, New York Code Rules and Regulations, New York and Federal statutory and common law, and the New York and/or United States Constitutions.

**PRAYER**

**WHEREFORE,  PREMISES CONSIDERED,** Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed, with prejudice; that Defendants be awarded actual and statutory damages and costs and; that Defendants be reimbursed costs and fees expended in the defense of this matter; and that Defendants be awarded any such other, further and different relief as to this Honorable Court deems just and proper.

Dated: Copiague, New York
      August 2, 2019                                    Yours, etc.

                                                        *Francesco P. Tini/s*
                                              _____
                                              Francesco P. Tini, Esq.
                                              TINI LAW, P.C.
                                              *Attorneys for Defendants*
                                              425 Oak Street
                                              Copiague, New York 11726
                                              T: (631) 925-2650
                                              F: (631) 729-8050

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of this *Answer* was duly served on August 2, 2019, upon BORRELLI & ASSOCIATES, P.L.L.C., *Attorney for Plaintiffs,* 910 Franklin Avenue, Suite 200, Garden City, NY 11530 via Electronic filing and regular mail.

                                                        *Francesco P. Tini/s*
                                            _____
                                            Francesco P. Tini, Esq.
                                            Attorney for Defendants
                                            NYS Atty # 4419578

EASTERN DISTRICT COURT OF THE UNITED STATES
COUNTY OF SUFFOLK                                         Index No. 18-CV-04558 (JMA) (GRB)
_____

**ANSWER**
_____

MANUEL BARRERA and MELVIN ALMENDARES, On behalf of themselves, individually, and on behalf of all other similarly-situated,

                                                Plaintiffs,
          -against-

PEPE ROSSO 24 INC. d/b/a PEPE ROSSO, and ROSSO UPTOWN, LTD. d/b/a ROSSO UPTOWN PIZZERIA & RESTAURANT and/or BRICK OSTERIA, and MICHAEL TIZZANO, an individual, and MASSIMO GAMMELLA, an individual,

                                                Defendants.
_____

[         ] ADMISSION OF SERVICE:

Service of a copy of the within is hereby admitted on the _____day of_____,20    , by_____, attorney for Plaintiff/Defendant  in the within action.

[         ] AFFIRMATION OF PERSONAL SERVICE:

STATE OF NEW YORK            )
                                      )      SS.:
COUNTY OF                              )

On                          , 20   , at    :      .M., at                                                    , NY the undersigned attorney for Plaintiff/Defendant served a copy of the within upon                                               , attorney for Plaintiff/Defendant in the within action.

Dated:
Respectfully yours, etc.,

                            **Certified pursuant to Rule 130-1.1-a:**

                                 ____/s_____
                                  **TINI LAW, P.C.**
                             *Attorneys for Defendants*
                             By:     Francesco P. Tini, Esq.

**425 Oak Street**                                                  **Tel. (631) 925-2650**
**Copiague, NY 11726**                                       **Fax. (631) 729-8050**
                                   **ftini@tinilaw.com**